# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GIZEM DOGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Civil Action No. 25-1130 (RBW) |
| KRISTI NOEM, | ) | |
| in her official capacity as | ) | |
| Secretary of U.S. Department of | ) | |
| Homeland Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

In light of the Plaintiff's Motion for Temporary Restraining Order, ECF No. 2, and the discussions the Court had with counsel for the parties at the April 18, 2025, motion hearing,[1] it is hereby

**ORDERED** that the Plaintiff's Motion for Temporary Restraining Order, ECF No. 2, is **GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART**. The motion is **GRANTED** to the extent outlined in this Order, and in accordance with the oral rulings issued by the Court at the April 18, 2025, motion hearing. The motion is **DENIED** in all other respects. It is therefore

**ORDERED** that the defendant shall treat the plaintiff as it would have treated the plaintiff prior to the defendant's termination of her record in the Student and Exchange Visitor Information System ("SEVIS"), preserving the status quo until a further hearing on the Plaintiff's

---

[1] The Court also notes that, despite the strikingly similar nature of this case with another case that was before this Court earlier this week, Hinge v. Lyons, No. 25-cv-1097 (RBW)—in which the parties are represented by the same counsel as those representing the parties in this case—when the Court queried the parties about whether a similar resolution could be reached in this case, government counsel indicated that the agency in this case declined to do so. The Court finds this inconsistency concerning.

Motion for Temporary Restraining Order, ECF No. 2, currently scheduled for April 21, 2025, at 1:00 p.m.  It is further

**ORDERED** that the defendant shall ensure the attendance at the motion hearing currently scheduled for April 21, 2025, of a representative of the United States Department of Homeland Security ("DHS") who can make authoritative representations to the Court on behalf of the agency.  Specifically, the representative should be prepared to explain to the Court what impact the agency's SEVIS termination has on the lawful status of students, including the plaintiff, who are studying in the United States, and if such terminations were not intended to have the impact that educational institutions are interpreting the agency's action to have (i.e., revocation of SEVIS-terminated students' authorization to lawfully continue their studies or training in the United States), why the agency has not taken action to communicate that misalignment with the educational institutions hosting these students.  It is further

**ORDERED** that, by 11:00 a.m. on April 21, 2025, the defendant shall file evidence of the plaintiff's alleged criminal history record, with the Washington Metropolitan Police Department, for Simple Assault.[2]

**SO ORDERED** this 18th day of April, 2025.

REGGIE B. WALTON  
United States District Judge

---

[2] If the defendant is not able to meet this deadline, the defendant shall show cause in writing by the same deadline why the defendant was not able to file this information in advance of the April 21, 2025, hearing and propose a specific plan for expeditiously providing the Court with this information.